IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ORION IP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MERCEDES-BENZ USA, LLC, ET AL. <br><br> Defendants | Civil Action No. 6:05-CV-322-LED |

## FINAL JUDGMENT

This matter came for trial before a jury on May 14, 2007. Plaintiff, Orion IP, LLC ("Orion"), appeared in person and through its counsel and announced ready for trial. Defendant, Hyundai Motor America ("Hyundai") appeared in person and through its counsel and announced ready for trial. The Court then empaneled and swore in the jury. Trial commenced on May 22, 2007, and continued through May 29, 2007. On May 29, 2007, the Court submitted questions, definitions, and instructions to the jury.

On May 29, 2007, the jury returned a unanimous verdict that the Court received, filed, and entered of record. The jury, in its verdict, determined that Hyundai infringed claims 1, 7 and 8 of United States Patent No. 5,367,627 ("the '627 patent"), that such infringement was willful, that none of claims 1, 7 or 8 of the '627 patent was proved to be invalid as anticipated or obvious, and that Orion's actual damages with regard to Hyundai totaled $34,000,000. The jury, in its verdict, also determined that Hyundai did not infringe claims 1 or 11 of U.S. Patent No. 5,615,342.

Hyundai's defense of unenforceability of the '627 patent due to inequitable conduct was tried to the Court, and, on March 28, 2008, the Court issued its Memorandum Opinion and Order finding that, based upon the evidence introduced during trial, Hyundai did not prove by clear and

EXHIBIT 2

186

convincing evidence that the inventor committed inequitable conduct during prosecution of the '627 patent.

Orion has requested attorneys' fees and expenses under 35 U.S.C. § 285; pre-judgment interest; post-judgment interest; and a permanent injunction prohibiting infringement of the asserted claims of the '627 patent under 35 U.S.C. § 283, or alternatively post-judgment royalties. Orion had requested enhanced damages but that request was withdrawn. The Court's March 28, 2008 Memorandum Opinion and Order: (i) denied as moot Orion's motion for enhanced damages, (ii) denied Orion's request for attorneys' fees, (iii) granted in part Orion's motion for prejudgment interest, (iv) granted Orion's motion for post-judgment interest, (v) denied Orion's motion for permanent injunction, and (vi) granted Orion's alternative motion for post-verdict royalties. In addition, the Court's March 28, 2008 Memorandum Opinion and Order: (i) denied Hyundai's motion for remittitur, and (ii) denied Hyundai's motion for judgment on the issue of willfulness.

In denying Hyundai's motion for remittitur, the Court determined that Orion should be awarded actual damages in the amount of $34,000,000. In granting Orion's alternative motion for post-verdict royalties, the Court determined that two percent running royalty on Hyundai's parts sales revenue is appropriate for post-verdict infringement. In granting in part Orion's Motion for prejudgment interest, the Court determined that: (i) Orion should be awarded prejudgment interest from and after August 30, 2005 – the date Orion filed suit; (ii) the appropriate prejudgment interest rate is the prime interest rate applicable at the time the jury verdict was returned on May 29, 2007 of 8.25% (Texas Finance Code § 304.103; http://www.occc.state.tx.us/pages/int_rates/Index.html), compounded annually as requested in Orion's Motion; and (ii) interest shall accrue at this rate and in this manner from and after

August 30, 2005 through the date of this final judgment. In granting Orion's motion for postjudgment interest, the Court awarded Orion the postjudgment interest that it is entitled to under 28 U.S.C. § 1961. The applicable post-judgment interest rate is a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. For a judgment entered during the week of April 7-11, 2008, the rate is 1.60%, or such other rate as is published by the Board of Governors for that period.

*See* http://www.utd.uscourts.gov/documents/int2008.html.

In accordance with the jury's verdict and the Court's post-trial rulings, the Court renders the following judgment:

It is hereby ORDERED, ADJUDGED, AND DECREED that final judgment is entered on the jury verdict and all previously pending post-trial motions, and that Plaintiff Orion IP, LLC shall have and recover from Defendant Hyundai Motor America on Orion's claim for infringement of the '627 patent, the following:

1. Thirty-Four Million Dollars ($34,000,000) in actual damages;

2. Prejudgment interest on the actual damages calculated at 8.25%, which is the prime rate as of May 29, 2007, the day the jury returned its verdict, compounded annually, from August 30, 2005 until the date of this final judgment;

3. A two percent 2% running post-verdict royalty on Hyundai's parts sales revenue generated through www.hyundaidealer.com and/or the Hyundai Dealer Communication System from May 1, 2007, through June 19, 2007. Hyundai will serve a royalty report to Orion of all parts sales revenue generated through www.hyundaidealer.com and/or the Hyundai Dealer Communication System for the period May 1, 2007 through June 19, 2007 within ten (10) days

of this final judgment.

4.  A two percent (2%) running post-verdict royalty on Hyundai's parts sales revenue generated through www.hyundaidealer.com and/or the Hyundai Dealer Communication from and after June 19, 2007. Hyundai will serve quarterly royalty reports to Orion of all parts sales revenue generated through www.hyundaidealer.com and/or the Hyundai Dealer Communication System within ten (10) days of the end of each calendar quarter after the date of this final judgment. Within ten (10) days of this judgment, Hyundai shall provide Orion with royalty reports reflecting monthly parts sales revenue generated through www.hyundaidealer.com and/or the Hyundai Dealer Communication System for the period between June 19, 2007 and the date of this final judgment; and

5.  Postjudgment interest is payable on all the above amounts at the lawful rate under 28 U.S.C. § 1961 for a judgment entered during the week of April 7-11, 2008, as determined by the Board of Governors of the Federal Reserve System, from the date this judgment is entered until the date the judgment is paid.

It is further hereby ORDERED, ADJUDGED, AND DECREED that Orion shall have and recover nothing on its claim for infringement of the '342 patent.

All relief not granted in this judgment is DENIED.

**This JUDGMENT is FINAL.**

**So ORDERED and SIGNED this 9th day of April, 2008.**



**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**