# McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

ATTORNEYS AT LAW

MODESTO, CALIFORNIA OFFICE
Centre Plaza Office Tower
1150 Ninth Street, Suite 1200
Modesto, California 95354
Telephone (209) 524-1100
FAX (209) 524-1188

LAS VEGAS, NEVADA OFFICE
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone (702) 949-1100
FAX (702) 949-1101

P.O. BOX 28912
FRESNO, CALIFORNIA 93729-8912

5 RIVER PARK PLACE EAST
FRESNO, CALIFORNIA 93720-1501

TELEPHONE (559) 433-1300
FAX (559) 433-2300

http://www.mccormickbarstow.com

**Patrick Fredette**
(559) 433-2161
patrick.fredette@mccormickbarstow.com

June 6, 2006

<u>**VIA FACSIMILE TO (213) 688-9351 AND U.S. MAIL**</u>

Terry C. Leuin
Cotkin, Collins & Ginsburg
300 South Grand Avenue, Twenty-Fourth Floor
Los Angeles, CA 90071-3134

    Re:    *Orion IP, LLC v. Hyundai Motor America, et al.*, United States District Court, Eastern District of Texas, Case No. 6:05-cv-0032-LED

Dear Mr. Leuin:

    As recently discussed, we have had occasion to review the materials provided through your April 24, 2006 letter. We have also reviewed other information relating to this matter, including your retender of Hyundai's defense of the *Orion IP, LLC v. Hyundai Motor America, et al.*, United States District Court, Eastern District of Texas, Case No. 6:05-cv-0032-LED ("*Orion*"), action.

    National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and American Home Assurance Company ("American Home") have reconsidered the respective January 30, 2006 and March 1, 2006 declinations of Hyundai's tender of defense. For the reasons explained in the earlier correspondence, as well through our recent telephone communications and as supplemented through this letter, National Union and American Home respectfully decline Hyundai's retender of defense of the *Orion* action.

    National Union and American Home issued multiple, one-year successive liability policies to Hyundai covering the years February 19, 1999 to February 19, 2006. However, through your March 3, 2006 letter, we understand that Hyundai's retender of defense relates only to the policies in effect from February 19, 1999 to February 19, 2002. In particular, National Union policy no. GL 359-64-RA for the period of February 19, 1999 to February 19, 2000; National Union policy no. GL 359-67-61 RA for the period of February 19, 2000 to February 19, 2001; and American Home policy no. GL 359-70-98 RA for the period of February 19, 2001 to February 19, 2002.

**EXHIBIT 14**

14

Terry C. Leuin
June 6, 2006
Page 2

The National Union and American Home policies contain substantially the same "Insuring Agreement" with regard to the "advertising injury" coverage. Specifically, National Union and American Home ". . . will pay those sums that the insured becomes legally obligated to pay as damages because of . . . 'advertising injury' to which this insurance applies." Further, the "insurance applies to . . . "[a]dvertising injury' caused by an offense committed in the course of advertising your goods, products or services."

The National Union and American Home policies delineate various offenses that make up the definition of "advertising injury." Your March 3rd letter focuses on the offenses of "misappropriation of advertising ideas or style of doing business" and "infringement of copyright, title or slogan."

Hyundai was previously advised that patent infringement is not itself an enumerated offense under the definition of "advertising injury." However, through your March 3rd letter, you assert on Hyundai's behalf that patent infringement "does constitute" the offense of "misappropriation of advertising ideas or style of doing business."[1]

However, patent infringement cannot properly be characterized as an advertising injury offense. See, e.g., *Owens-Brockway Glass v. International Ins. Co.*, 884 F.Supp. 363, 365 (E.D.Cal. 1995). Like Hyundai here, the insured in *Owens-Brockway* asserted that claims of patent infringement fell within either or both the "misappropriation" or the "infringement of . . . title" offenses. *Id.* at 367. The court disagreed, concluding that when the "misappropriation" and "infringement of . . . title" offenses are "examined in the context of their use and in light of common sense," neither is triggered by patent infringement. *Id.*

From a contextual standpoint, the *Owens-Brockway* court correctly commented that "there is nothing about the term 'advertising injury' itself that remotely suggests coverage of patent infringement." *Id.* The court also acknowledged the "glaring absence" of the term 'patent' in the policy while observing the "language defining 'advertising injury' includes 'slander,' 'libel,' 'right of privacy,' 'advertising idea' and 'style of doing business,' and 'copyright.' These are specific terms connected to well known legal categories, just as a claim of patent infringement is a distinct legal claim. But there is not a mention of 'patent' anywhere in the definition or elsewhere in the policy. Surely, if coverage for patent infringement were anticipated there would be some mention of the term itself just as 'copyright' is explicitly listed."

---

[1] While your March 3rd letter starts out by identifying the "misappropriation" and "infringement of . . . title" offenses, the letter appears to focus exclusively on the "misappropriation" offense. Thus, while we assume Hyundai has elected to drop the argument on the "infringement of . . . title" offense, we nonetheless have addressed both offenses through this letter.

EXHIBIT 14

15

Terry C. Leuin
June 6, 2006
Page 3

The same holds true with regard to the National Union and American Home policies. The offenses defining the "advertising injury" coverage of the respective policies do not even "remotely suggest" patent infringement is covered. Viewed in conjunction with the "glaring absence" of the term "patent" in the policies, it becomes clear that an insured could never have a reasonable expectation of coverage for patent infringement. See, e.g., *Mez Industries, Inc. v. Pacific National Ins. Co.*, 76 Cal.App.4th 856, 872 (1999) (the offenses of "'misappropriation of advertising idea or style of doing business' and 'infringement of copyright, title or slogan' simply could not be reasonably read by a lay person to include either patent infringement or the inducement thereof"); see, also, *St. Paul Fire & Marine v. Advanced Interventional*, 824 F.Supp. 583, 584-587 (E.D.Va. 1993) (applying California law); *Maxconn Incorporated v. Truck Ins. Exchange*, 74 Cal.App.4th 1267, 1275 (1999).

Based on the authority outlined above, National Union and American Home respectfully disagree with Hyundai's contention that the "misappropriation" and "infringement of ... title" offenses are triggered by the patent claims alleged in the *Orion* action.

Also absent here is the required causal connection between any "advertisement" and the infringement alleged in the *Orion* action. The "advertising injury" must cause the infringement. *Bank of The West v. Superior Court*, 2 Cal.4th 1254, 1277 (1992); *Simply Fresh Fruit, Inc. v. The Continental Ins. Co.*, 94 F.3d 1219, 1221 (9th Cir. 1996). Courts applying California law appear to uniformly conclude that, "as a matter of law, patent infringement cannot occur in the course of an insured's advertising activities." *Simply Fresh Fruit, Inc., supra*, 94 F.3d at 1221; see, also, *New Hampshire Ins. Co. v. R.L. Chaides Construction Co.*, 847 F.Supp. 1452, 1456-57 (N.D.Cal. 1994); *Everest & Jennings v. American Motors Ins. Co.*, 23 F.3d 226, 229 (9th Cir. 1994); *Aetna Casualty & Sur. Co. v. Superior Court & Watercloud Bed*, 19 Cal.App.4th 320, 328 (1989).

However, your March 3rd letter asserts that "the infringement could not occur but for, and is inseparable from, the interactive advertising." We respectfully disagree. Here, the gravamen of the alleged infringement is the "use" of the patented software, not its advertisement. Thus, while Hyundai's advertisement "exposed" the alleged infringement of the patented software, it did not cause the infringement. See *Simply Fresh Fruit, Inc., supra*, 94 F.3d 1222.

*Techmedica, Inc. v. Vanguard Underwriter's Ins. Co.*, 1995 U.S. App. LEXIS 15609 (9th Cir. 1995), is directly analogous. Vanguard's insured argued that its advertising merged with the patent infringement because the advertisements included an order form for the product. *Id.* at *4-5. The insured claimed that since its products were custom made for each customer, the "very existence" of the infringing product flowed from the advertisement on the order form. *Id.* The Ninth Circuit found the insured's argument "novel." *Id.* However, the court held that the insured "simply cannot avoid that it was the manufacture and sale of the product itself which infringed the patent, not the advertising." *Id.*

EXHIBIT 14                                           16

06/06/06 13:12 FAX 559 433 2300    McCORMICK BARSTOW                            ☒005
Case 8:08-cv-00020-JVS-RNB   Document 19-4   Filed 06/23/08   Page 4 of 7

Terry C. Leuin
June 6, 2006
Page 4

The Ninth Circuit's reasoning in *Techmedica* applies here. Hyundai claims the internet advertisement of its cars used the patented software and thus both are merged. However, the infringement is not based on Hyundai's advertisement but the allegedly unlawful *use* of the patented software. As Hyundai's advertisement did not cause the alleged infringement, the causal nexus required to satisfy an "advertising injury" claim is not met.

In addition, any purported infringement must have occurred during a time National Union or American Home were on the risk. In this regard, we note your March 3rd letter claims that the "build your own vehicle" patent was assigned to Orion on March 25, 1997, while Orion was assigned the "electronic parts catalog" patent on November 22, 1994. After providing this information, you conclude by asserting "[t]hus, it is possible that the alleged infringement began as early as November, 1994." However, you attempted through your April 24th letter to clarify that the "build your own vehicle" patent was first put to use by Hyundai "on the internet in 2001," and that Hyundai developed "its first electronics parts catalog ... in 1993.[2]

The information you provided asserts that either the alleged infringement on the "build your own vehicle" patent first occurred in "November, 1994," and thus well before the first National Union policy period of February 19, 1999, or it first occurred in "2001," and thus not until after the American Home policy incepted on February 19, 2001. As to the "electronics parts catalog," you appear to claim the alleged infringement first occurred in either 1993 or 1994, and thus well prior to the date the first National Union policy incepted. Be advised that the National Union and American Home policies do not cover damages for "advertising injury" that predates any of the respective policy periods.

Somewhat related, each of the respective policies contain a "prior publication" exclusion, which precludes "advertising injury" coverage "arising out of oral or written publication of material whose first publication took place before the beginning of the policy period."

Hyundai claims through your March 3rd and April 24th letters that it first submitted "electronics parts catalogs" in 1993 or 1994, thus well prior to the inception date of the National Union and American Home policies. Therefore, it appears the "prior publication" exclusion is directly applicable to preclude coverage in connection with any alleged "advertising injury" related to the "electronics parts catalog."

---

[2] A review of your March 3rd and April 24th letters creates the impression that Hyundai may have used both patents prior to their assignment to Orion.

06/06/06 13:13 FAX 559 433 2300    McCORMICK BARSTOW    ☒006
Case 8:08-cv-00020-JVS-RNB   Document 19-4   Filed 06/23/08   Page 5 of 7

Terry C. Leuin
June 6, 2006
Page 5

While your March 3rd letter asserts the alleged infringement with regard to the "build your own vehicle" patent may have occurred as early as "November 1994," your April 24th letter asserts Hyundai first put this patent to use "on the internet in 2001." As set forth above, the alleged infringement is based on the "use" of the patent. Hyundai could have allegedly "used" the patent in a manner independent from the "internet in 2001," including preparing sales material similar to that alleged in the *Techmedica, supra*, action. To the extent Hyundai first published material based on the use of the "build your own vehicle" patent prior to the inception date of the National Union or American Home policies, the "prior publication" exclusion would apply to preclude coverage under such policies.

The meaning of the term "damages" as used in the "Insuring Agreement" of the respective National Union and American Home policies also gives rise to certain limitations in connection with the *Orion* action. The "Insuring Agreement" of the policies provides that National Union and American Home will "pay those sums that the insured becomes legally obligated to pay as damages because of 'advertising injury.'"

We understand Orion is seeking an injunction and monetary relief in the form of lost royalty payments. Injunctive relief is not "damages" within the meaning of the respective policies. Additionally, to the extent Orion is awarded monetary relief in the form of lost royalty payments, and it is determined that this form of relief is restitutionary and not compensatory in nature, be advised that the relief would not appear to amount to "damages" covered under the respective policies.

\* \* \*

Based on the foregoing, and in addition to the previous communications to Hyundai in connection with the *Orion* action, National Union and American Home respectfully decline coverage for Hyundai. Be advised, however, that National Union and American Home's declination of coverage is based on all terms, conditions and limitations under the respective policies and the law. Thus, nothing contained or omitted herein shall be construed as a waiver of any rights or defenses under the policies or the law that National Union or American Home may assert with regard to the *Orion* action. National Union and American Home reserve the right to supplement or amend this coverage position.

To the extent Hyundai is of the opinion the claim has been wrongfully denied, it may request review of the matter by:

California Department of Insurance
300 S. Spring Avenue
Los Angeles, CA 90013
1-800-927-4357

Terry C. Leuin
June 6, 2006
Page 6

If Hyundai disagrees with the information set forth above, or is aware of information relevant to its claim of coverage under the National Union and American Home policies that is not addressed in this or previous communications, please forward the information to the undersigned. Otherwise, you are welcome to communicate with the undersigned to the extent you would like to further discuss the matter.

Very truly yours,

MCCORMICK, BARSTOW, SHEPPARD
WAYTE & CARRUTH LLP

Patrick Fredette

PF:ct
03674/01795-971041.v1

# McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
### ATTORNEYS AT LAW

MODESTO, CALIFORNIA OFFICE
Centre Plaza Office Tower
1150 Ninth Street, Suite 1200
Modesto, California 95354
Telephone (209) 524-1100
FAX (209) 524-1108

LAS VEGAS, NEVADA OFFICE
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone (702) 949-1100
FAX (702) 949-1101

P.O. BOX 28912
FRESNO, CALIFORNIA 93729-8912

5 RIVER PARK PLACE EAST
FRESNO, CALIFORNIA 93720-1501

TELEPHONE (559) 433-1300
FAX (559) 433-2300

http://www.mccormickbarstow.com

**Patrick Fredette**
Telephone (559) 433-1300
patrick.fredette@mccormickbarstow.com

## FACSIMILE TRANSMISSION

**DATE:** June 6, 2006

**To:**

| NAME: | FAX NO.: | PHONE NO.: |
|---|---|---|
| Terry Leuin, Esq. | (213) 688-9351 | (213) 688-9350 |

**FROM:** Patrick Fredette          **PHONE:**       (559) 433-2161

**RE:** *Orion IP, LLC v. Hyundai Motor America, et al.*

| FILE NO.: | 99999-03674 | NUMBER OF PAGES, INCLUDING COVER: | 7 |
|---|---|---|---|

**Message:**

00002/00153-927991.v1

WARNING: THE DOCUMENT BEING TRANSMITTED IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THE COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE UNITED STATES POSTAL SERVICE.

PLEASE IMMEDIATELY CALL THE FAX CENTER AT (559) 433-1300 (EXT. 4106)
IF THERE ARE ANY PROBLEMS DURING THIS FAX TRANSMISSION.

EXHIBIT 14

20