Nossaman LLP
Terry C. Leuin (CA 105968)
Joan M. Cotkin (CA 70665)
NOSSAMAN LLP
445 S. Figueroa Street, 31st Floor
Los Angeles, CA 90071
Telephone: 213.612.7800
Facsimile: 213.612.7801
Email: tleuin@nossaman.com

Attorneys for Plaintiff
HYUNDAI MOTOR AMERICA

Note: Changes have been made to this document (signature page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYUNDAI MOTOR AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA AND AMERICAN HOME ASSURANCE COMPANY,<br><br>　　　　Defendants. | Case No: SACV 08-000020 JVS (RNBx)<br><br>STIPULATION AND PROTECTIVE ORDER REGARDING HYUNDAI'S PRODUCTION OF LEGAL BILLS AND WORK PRODUCT FROM THE *ORION* LITIGATION; ORDER THEREON |

　　　1.　　The parties to this Stipulation and Order are Hyundai Motor America ("Hyundai"), on the one hand, and National Union Fire Insurance Company of Pittsburgh, Pa and American Home Assurance Company ("the Insurers"), on the other hand.

　　　2.　　This Stipulation and Order applies to any production of copies of statements for professional legal services and other expenses, including without limitation, invoices from law firms, deposition costs, court reporter costs, transcript fees, expert and consultant fees, and evidence of Hyundai's payment of such statements and expenses (collectively referred to as "Legal Bills") rendered for Hyundai, and, to the extent

requested and produced, discovery, communications, and analysis (other than documents filed with the Court or disclosed to third parties) (collectively referred to as "Work Product") generated in connection with the defense of Hyundai, including the appeal, in the underlying case of *Orion IP, LLC, v. Hyundai Motor America, et al.*, United States District Court, Eastern District of Texas, Tyler Division, Case No. 6:05-CV322-LED ("the *Orion* action").

3. Whereas, the Ninth Circuit Court of Appeals found the Insurers have a duty to defend Hyundai in the *Orion* action (*see Hyundai Motor America v. National Union Fire Ins. Co. of Pittsburgh, PA*, 600 F.3d 1092 (9th Cir. 2010)).

4. Whereas, in response to the findings of the Ninth Circuit, and in support of Hyundai's claim for damages, the Insurers seek to review all of the Legal Bills incurred to date.

5. Whereas, in connection with Hyundai's claim for damages, the Insurers may also seek to review Work Product generated in connection with defense of the claims against Hyundai.

6. Whereas, such Legal Bills and Work Product may contain entries that are subject to the attorney client and/or attorney work product privileges.

7. Whereas, Hyundai is prepared to provide the Insurers with copies of the Legal Bills and may provide Work Product, to the extent requested by the Insurers, but because Hyundai is adverse to the Insurers in this lawsuit, Hyundai does not want any production of the Legal Bills and/or Work Product to waive any applicable privileges, including without limitation, the attorney client or the attorney work product privileges.

IT IS HEREBY STIPULATED, AGREED AND ORDERED that the following protective provisions shall govern any discovery conducted by the parties to this action:

8. The Insurers, and their counsel, hereby agree that any production by Hyundai to the Insurers of the Legal Bills and/or Work Product will not waive any applicable privilege, including without limitation the attorney-client and/or the attorney work product privileges, regarding the Legal Bills and Work Product.

9. Any Legal Bills or Work Product that Hyundai asserts are of a confidential nature shall bear a designation on the document reflecting that it is "Confidential" pursuant to Order of this Court.

10. Except as the Court may otherwise expressly direct, and subject to the conditions imposed by this Order, the Legal Bills and any Work Product Hyundai produces may be disclosed only to the following persons:

 a) Parties to this Order, including the parties' employees, parties' in-house counsel, and employees for affiliates of the parties;
 b) The Parties' respective counsel of record to this action and their law firm personnel (e.g., paralegal assistants, office clerks, secretaries and other such personnel working under such counsel's supervision);
 c) Consultants and expert witnesses consulted, employed or designated by a party, as well as associates, assistants, and other personnel employed directly by such consultants and/or experts who have read and agree in writing to be bound by the terms of this Order by executing the "Agreement of Confidentiality" set forth in Paragraph 11 below;
 d) The Court, court personnel, and court reporters; and
 e) Such other persons as may be agreed by written stipulation of the parties, or by further order of the Court.

11. Prior to giving possession of any Legal Bills and/or any Work Product Hyundai produces to any person or entity as permitted by this Order, counsel for the party that receives such Legal Bills and/or Work Product shall first provide the intended recipient with a copy of this Order, and shall cause him or her to execute the following written Agreement of Confidentiality, which counsel shall thereafter retain.

Agreement of Confidentiality

I understand that I am being given access to Legal Bills and/or Work Product that are deemed to be confidential pursuant to a Protective Order entered in the matter of *Hyundai Motor America v. National Union Fire Insurance Company of Pittsburgh, PA, et al.*, Case No. SACV 08-

00020 JVS(RNBx), pending in the United States District Court, Central District of California. I have read this Protective Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Legal Bills and/or Work Product. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure. In consideration for me being allowed access to such information and documents in connection with this litigation, I further agree to be contractually bound by the terms of the Protective Order and I agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to financial liability for any loss or damage caused on account thereof.

The foregoing provisions do not apply to the Court or any other court personnel, and the Court and any other court personnel need not sign the Agreement of Confidentiality.

12.     Anything in this Order to the contrary notwithstanding, any party may use the services of a photocopying service or computer input service with regard to the Legal Bills and any Work Product produced, provided that such services are advised of the confidential nature of the documents and agree to maintain the confidentiality of the Legal Bills and Work Product.

13.     If deposition testimony concerning Legal Bills and/or Work Product is requested or elicited, such testimony and the transcript of such testimony (whether stenographic, audio, video or other form) shall be subject to this Order, and any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all Legal Bills and/or Work Product shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

/ / /

/ / /

14. If a witness in a deposition is shown the Legal Bills and/or Work Product, the witness shall be admonished that such materials are confidential and may not be further disclosed or disseminated to any third person.

15. Should a party wish to file with the Court under seal any Legal Bills and/or Work Product, and/or any pleadings, motions or other papers disclosing any such Legal Bills and/or Work Product, the proposed filing shall be accompanied by a written application to file any such Legal Bills and/or Work Product, and/or any pleadings, motions or other papers disclosing any such Legal Bills and/or Work Product, under seal. The filing and application shall be directed to the judge or judicial official to whose attention the filing is submitted, pursuant to Local Rule 79-5.1. Should the application be granted, all Legal Bills and Work Product filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Legal Bills and/or Work Product shall be filed under seal and kept under seal until further ordered by the Court. At the time of filing or any time thereafter, such material shall be placed in a sealed envelope, which shall be marked with the title of the action and shall state the following: "THIS ENVELOPE CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." The envelope shall also show: the filing date of the court order authorizing the sealing, and the name, address and telephone number of the person filing the documents. The party filing the documents under seal shall include a copy of the order in the envelope.

16. Any Legal Bills or Work Product designated by any party to be introduced at trial or as part of the record on appeal may be offered into evidence in open court unless Hyundai or any other party obtains an appropriate protective order from this Court or the appellate court. Any party hereto must be given notice and a sufficient opportunity to seek such a protective order.

17. Within thirty (30) days of conclusion of this case, including all appeals, all Legal Bills and any Work Product Hyundai produces, and all copies thereof, shall at the request of any party be destroyed, except that counsel shall be entitled to retain all

materials which constitute work product and such memoranda and pleadings embodying the Legal Bills and Work Product to the extent necessary to preserve a file in this case, so long as such materials are maintained in accordance with the provisions hereof. All Legal Bills and Work Product disclosed to any person or party pursuant to any provision herein and all deposition transcripts and exhibits and any other materials returned to the parties by the Court shall also, if practicable, be destroyed as set forth above.

18. If a party in possession of Legal Bills or Work Product receives a subpoena or other request seeking production or other disclosure of Legal Bills and/or Work Product, that party shall immediately give written notice to counsel to all parties to this litigation, stating the nature and type of Legal Bills and/or Work Product that has been sought and the date and time proposed for production or disclosure of the material. Any party objecting to the production or disclosure shall have the obligation to take timely action in the appropriate court or courts. In the event that such action is taken (e.g., a motion is filed), no Legal Bills or Work Product shall be produced or disclosed without written approval by counsel of the objecting party or by further order of the appropriate court(s). Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

19. In addition to any other remedies set forth herein, any party violating this Order and thereby causing damage to the interests of any other party hereto may be liable to such party for all damages so caused.

20. Nothing contained in this Order shall prejudice in any way or waive in any respect the right of any party hereto to assert any privilege as to any documents.

21. This Order shall be binding upon the parties and their attorneys.

22. Nothing contained in this Order shall prejudice in any way the right of any party to seek, by way of consent of all parties or by motion to the Court,

/ / /

/ / /

/ / /

6

        a)     Additional protection for specific items of the Legal Bills or Work Product; or

        b)     Relief from the provisions of this Order with respect to specific items or categories of Legal Bills or Work Product.  Moreover, if a party does not comply with the terms of this Order, the complaining party may petition the Court for sanctions, or other appropriate relief.

Notwithstanding the foregoing, no modification of this Order by the parties shall have any force or effect unless the Court approves the modification.

23.    Pursuant to the Federal Rules of Civil Procedure, if information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify the receiving party, including the basis for the claim.  After being notified, the receiving party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The producing party must preserve the information until the claim is resolved.

24.    This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of waiver of the attorney client or attorney work product privileges.

25.    This Order shall survive the final termination of this action to the extent that the information contained in Legal Bills or any Work Product Hyundai produces is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

/ / /

26. The parties further stipulate that the parties to this litigation may use the Legal Bills and any Work Product Hyundai produces in this case, subject to terms of this Stipulation and Protective order, the rules of evidence and rulings by the Court.

27. The parties, by and through the signatures of their respective counsel, consent to the entry of this Stipulated Order by the Court.

IT IS SO ORDERED

Entered this  24th day of August 2010

_____
Hon. Robert N. Block
United States Magistrate Judge

AGREED TO BY:

DATED:  August____, 2010          NOSSAMAN LLP

                                  By_____
                                       Terry C. Leuin
                                  Attorneys for Plaintiff
                                  HYUNDAI MOTOR AMERICA

DATED:  August____, 2010          BATES & CAREY LLP

                                  By_____
                                       Richard H. Nicolaides, Jr.
                                  Attorneys for Defendants,
                                  NATIONAL UNION INSURANCE
                                  COMPANY OF PITTSBURGH, PA and
                                  AMERICAN HOME ASSURANCE
                                  COMPANY

| | | |
|---|---|---|
| 1 | DATED: August____, 2010 | GORDON & REES LLP |
| 2 | | |
| 3 | | By_____ |
| 4 | | Sara M. Thorpe |
| | | Attorneys for Defendants, |
| 5 | | NATIONAL UNION INSURANCE |
| 6 | | COMPANY OF PITTSBURGH, PA and |
| | | AMERICAN HOME ASSURANCE |
| 7 | | COMPANY |